MANNY v. OYLER.*

SAME v. ST. LOUIS MALLEABLE IRON CO.*

SAME v. FURST & BRADLEY MANUF'G CO. and another.*

(*Circuit Court, E. D. Missouri.* June 4, 1883.)

1. PATENTS—ROTARY COULTERS FOR PLOWS—PFEIL PATENT, No. 4,533.

At the date of the Pfeil patent and its reissue, the mere change of form or position in a collar and spindle connected with a standard from a plow-beam, the rotary motion of which was limited by a pin through a slot at one or other foot of the collar and spindle, was not a patentable device, whether the pin was inserted at the lower end of the spindle with or without a slot, or inserted through the collar and spindle with a slot, or inserted through the spindle above or below the collar with or without lugs, or whether the pin was used to strike the arms of the coulter or not, and the Pfeil patents upon said devices are invalid for want of novelty.

2. SAME—SHERMAN PATENT, No. 67,222—INFRINGEMENT.

The invention covered by the Sherman patent for an improvement in rolling coulters consists in a combination in which the cutting wheel is hung in a triangular frame separate from the standard, but attached thereto by means of sockets, or a socket through which the standard passes, and which from their form allow the frame to have a lateral play, while the standard is clamped fast to the plow-beam. *Held*, in a suit for an alleged infringement of said patent, that it was not infringed by a device in which the cutting blade is hung in a yoke differing from the Sherman yoke in shape, and the upper end of which is perforated so as to allow the lower end of the standard to fit into it, and also differing from the Sherman patent in being provided on the under side with a peculiar projection against which a pin at the lower end of the spindle strikes and regulates the vibration.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

This is a suit to recover for the alleged infringement of patent No. 67,222, granted to J. H. Sherman, July 30, 1867, and patent No. 4,533, reissued to J. C. Pfeil, August 29, 1871, and originally granted April 7, 1868, and numbered 76,343. Both patents are for improvements in rolling coulters, and both are held by plaintiff as assignee. The Sherman letters patent state that the patentee's invention "consists in hanging the cutting-wheel or blade in a frame separate from the standard, but attached thereto by means of sockets, or a socket through which the standard passes, causing the cutting-wheel or blade to follow behind the standard, and, from the form of the sockets, to have a lateral play while the standard is clamped fast to the beam of the plow or other implement; and they contain the following claims:

"(1) The frame, B, B', separated from the standard, but attached to it by means of sockets or socket, allowing a lateral play of the frame about the standard, substantially as set forth. (2) The form of sockets, C, C', filling the standard at its front edge, but sufficiently open at the back part to allow a lateral swing of the frame, substantially as and for the purposes set forth."

The original Pfeil patent contains the following claims, viz.:

" (1) The peculiar arrangement and combination of the spindle, B, on cutter-arm, A, and collar, M, with pole, B, therein, for the purpose of forming a caster-joint for cutter, E, substantially in the manner and for the purposes herein specified. (2) The slots, L, L, in the cutter-arm, A, whether said arm be for a rotary or any other kind of cutter, where said slots are used to allow of vertical adjustments of said cutter, substantially in the manner and for the purposes herein specified. (3) The pin, C, when said pin serves both to secure the collar, M, on the spindle, A, and to limit the rotary caster motion of the cutter, E, in the manner and for the purposes herein specified."

The claims in the Pfeil reissued letters patent are as follows:

" (1) The combination of the slotted spindle on the arm of the coulter, the yoke slotted to receive the spindle, and the locking-pin, limiting the vibration of the coulter,—all these members being constructed and operating as hereinbefore set forth. (2) The combination of the plow-beam, the clamping-bolts, the vertical slotted arm, its slotted spindle, the yoke slotted to receive the spindle, and the locking-pin,—all these members being constructed and operating in combination as hereinbefore set forth. (3) The combination of the coulter, its slotted yoke turning on a fixed spindle, and the spring-pin passing transversely through the spindle, and serving to limit the vibration of the coulter, as well as to connect the spindle and coulter,—all these members being constructed and operating in combination as hereinbefore set forth. (4) The combination, in a plow-coulter, of a vertically adjustable arm, the downward tapering spindle thereon, and the coulter-yoke, having an upwardly flaring hole or socket therein to receive the spindle,—all these members being constructed and operating, as hereinbefore set forth, to compensate wear of

the spindle or socket, to secure a snug joint, and to prevent the wabbling of the coulter-yoke upon the spindle. (5) The combination of the tapering spindle of the coulter-arm with the spring locking-pin passing transversely through it parallel with the face of the arm,—these members being constructed and operating as hereinbefore set forth."

The defendant's coulter is substantially the same as the one attempted to be covered by the Pfeil patents.

*Taylor & Pollard*, for complainant.

*West & Bond*, for defendants.

TREAT, J. It is not the purpose of the court to give a detailed analysis of the testimony, or of the various patents submitted. It may be that all claimed by the plaintiff under the Sherman and Pfeil patents, essential to the issues now under consideration, can have no force, because both of said patents were anticipated or not infringed. Whether this be correct or not, it is evident that so far as the Sherman patent is concerned the defendants do not infringe the same. The mode of attaching and limiting the vibration of the coulter is essentially different; and if not, it is apparent that the device therefor was well known before Sherman obtained his patent, unless his peculiar frame and yoke at the end of the standard constituted his invention. If his invention rests solely on his frame and yoke in combination, then the defendants do not infringe.

A close research into the state of the art at the date of the Pfeil patent and its reissue, shows a very narrow limit for invention. The many contrivances patented and well known, whereby coulters could be attached to plow-beams, and adjusted vertically to single or gang-plows, and limited in vibrations or lateral motion, establish definitely that there was no novelty in Pfeil's patent, within the meaning of the patent laws of the United States. The mere change of form or position in a collar and spindle connected with a standard from a plow-beam, the rotary motion of which is limited by a pin through a slot at one or the other top of the collar and spindle, was not a patentable device. Whether a pin is inserted at the lower end of a spindle, with or without a slot, or is inserted through the collar *and* spindle with a slot, or is inserted through the spindle above or below the collar, with or without lugs; or whether, as Pfeil originally claimed, the length of the pin is used to strike the arms of the coulter,—they are the same, substantially, and had been suggested by others, and were well known to the art.

The court can discover nothing patentable in the Pfeil patents, and no infrigement of the Sherman patents. Decree dismissing the bill, with costs, respectively.